# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-03750-JHN -SSx | Date | July 14, 2011 |
|---|---|---|---|
| Title | Beverly Hills Surgery Center LLC v. Operating Engineers Health And Welfare Fund et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [8] (In Chambers)

Before the Court is Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447(c). (Docket No. 8.) The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7–15. Accordingly, the hearing scheduled for July 18, 2011 is removed from the Court's calendar. For the reasons discussed below, the Court GRANTS Plaintiff's Motion and REMANDS the action to the Los Angeles County Superior Court.[1]

## I. BACKGROUND

This case stems from a dispute over reimbursement between a medical provider, Beverly Hills Surgery Center, LCC ("Plaintiff" or "Beverly Hills"), and three entities tied to an ERISA-qualifying health plan ("the Plan"). These entities—the Defendants in this action—are Operating Engineers Health & Welfare Fund ("OEHW"), the health plan itself; Anthem Blue Cross Life & Health Insurance Co. ("Anthem"), the health plan administrator; and Qmedrix Systems ("Qmedrix"), a medical data consultancy.

In its Complaint, Plaintiff alleges the following:

Beverly Hills operates as a non-preferred provider of outpatient medical services.

---

[1] Because the Court grants Plaintiff's Motion to Remand, the Court denies OEHW's Motion to Dismiss (docket no. 5) as moot.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-03750-JHN -SSx | Date | July 14, 2011 |
|---|---|---|---|
| Title | Beverly Hills Surgery Center LLC v. Operating Engineers Health And Welfare Fund et al | | |

(Compl. ¶ 7.) As a non-preferred provider, Beverly Hills does not enter into written agreements with health plans for reimbursement. Instead, Beverly Hills is reimbursed at the Usual and Customary Rate ("UCR"), an industry measure of standard local medical charges, as determined by an outside vendor. (*Id.* ¶¶ 8, 12.)

Before providing coverage to members of the health plan, Beverly Hills contacted OEHW or Anthem (collectively, "Plan Defendants") to verify that the patients were entitled to benefits. (*Id.* ¶ 22.) During this process, Plan Defendants indicated that Beverly Hills would be reimbursed for 90% of the first $1,000 in charges; any additional charges would be reimbursed at 60% of the UCR. (*Id.* ¶ 23.)

After Beverly Hills submitted bills, Plan Defendants employed Qmedtrix to determine the UCR for the services rendered. (*Id.* ¶ 27.) Plan Defendants then notified Beverly Hills that payment would not be based on the total amount billed. (*Id.* ¶ 26.)

On February 22, 2011, Plaintiff Beverly Hills filed suit in Los Angeles County Superior Court. Plaintiff alleged five state-law claims against Plan Defendants stemming from alleged oral agreements reached during the verification process: (1) breach of implied contract, (2) negligent misrepresentation, (3) quantum meruit, (4) promissory estopppel, and (5) common counts. Plaintiff alleged the following two state-law claims against Qmedrix only: (6) intentional interference with prospective economic advantage and (7) tortious interference with contract.

Plan Defendants filed a Notice of Removal on April 29, 2011. (Docket No. 1.) Qmedtrix did not join in removal. As of May 23, 2011, the Los Angeles County Superior Court docket did not show that proof of service as to Qmedtrix had been filed. (Michael Y. Jung, Decl.; Ex. A.)

On May 16, 2011, Plaintiff filed the instant Motion to Remand ("Motion") the action to Los Angeles County Superior Court. (Docket No. 8.) Plan Defendants filed an Opposition. (Docket No. 11.)[2] Plaintiff did not file a reply.

---

   [2] Plan Defendants concurrently filed a Request for Judicial Notice. (Docket no. 10.) The Court declines to rule on the Request because it does not rely on these documents for its ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-03750-JHN -SSx | Date | July 14, 2011 |
| Title | Beverly Hills Surgery Center LLC v. Operating Engineers Health And Welfare Fund et al |

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441, the Court has removal jurisdiction over civil actions "arising under" federal law pursuant to 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The only exception to this rule is where the plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Moreover, the assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

The removing defendant bears the burden of proving, by a preponderance of the evidence, the facts supporting removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

## III. DISCUSSION

In the Notice of Removal, Defendants asserted that Plaintiff's causes of action were completely preempted by ERISA. Plaintiff contends that because his claims are based on an independent legal duty, preemption does not apply.

### A. Federal Preemption Under ERISA

ERISA provides that "[a] civil action may be brought–(1) by a *participant* or *beneficiary*– . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a) (emphasis added). A party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA or that some other basis exists for federal question jurisdiction. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). The Ninth Circuit instructs that "[i]f state-law causes of action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-03750-JHN -SSx | Date | July 14, 2011 |
|---|---|---|---|
| Title | Beverly Hills Surgery Center LLC v. Operating Engineers Health And Welfare Fund et al | | |

come within the scope of § 502(a)(1)(B), those causes of action are completely pre-empted, and the only possible cause of action is under § 502(a)(1)(B)." *Id.* at 946. In that instance, a federal district court has federal question jurisdiction—either original jurisdiction under § 1331(a) or removal jurisdiction under § 1441(a)—to decide whether the plaintiff has stated a cause of action under § 502(a)(1)(B). *Id.*

To determine whether an asserted state-law cause of action comes within the scope of § 502(a)(1)(B), the Supreme Court formulated a two-prong test. Under *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), a state-law cause of action is completely preempted if: (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." *Id.* at 210. Both prongs must be satisfied for complete preemption.

**B.      Test for Complete Preemption Is Not Satisfied, And Remand Is Appropriate**

The two-pronged *Davila* test for complete preemption is not satisfied in this case. As to the first prong—whether Plaintiff could have brought a claim under ERISA—Plan Defendants rely on *Misic v. Bldg. Servs. Emps. Health & Welfare Trust*, 789 F.2d 1374, 1379 (9th Cir. 1986), arguing Plaintiff could sue under ERISA because patients assigned benefits under the Plan to Plaintiff. (Opposition at 7–8.) Plan Defendants cite to the Complaint, in which Plaintiff wrote "[a]ll Plan members signed an Assignment of Benefits authorizing Plaintiff to receive payment for services rendered." (Compl. ¶ 71.) Plaintiff disputes that such an assignments occurred.[3] However, even if an assignment occurred, Plaintiff is not precluded from bringing its claims in state court. A health care provider has standing to sue in federal court under ERISA as the assignee of a plan beneficiary. *Misic*, 789 F.2d 1374 at 1379. An assignee, however, may still bring a suit in state court based on an "independent obligation." *Marin*, 581 F.3d 941, 948. Just because "[p]roviders ha[ve] received an assignment of the patient's medical rights and hence could have brought a suit under ERISA, there [is] no basis to conclude the mere fact of assignment converts the [p]roviders' claims . . . into claims to recover benefits under the terms of an ERISA plan." *Id.* at 949 (internal quotation omitted).

---

[3]In its Motion to Remand, Plaintiff asserts, "Defendants cannot . . . point to any assignments of the right of a plan beneficiary." (Motion at 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-03750-JHN -SSx | Date | July 14, 2011 |
|---|---|---|---|
| Title | Beverly Hills Surgery Center LLC v. Operating Engineers Health And Welfare Fund et al | | |

Even if Plan Defendants could show that Plaintiff could have brought his claims under ERISA, satisfying the first prong of *Davila*, Plan Defendants have failed to show the absence an "independent legal duty" under which Plaintiff may sue. *Davila*, 542 U.S. at 210. Plaintiff asserts that its state-law causes of action are based on oral representations Plan Defendants made that they would pay a specified amount for medical services. (Motion at 2.) Plaintiff, as a non-preferred provider, "made a business decision to provide medical care and treatment to the member[]" in reliance "on the representations of the Plan[.]" (Compl., ¶ 24.) These oral representations may create "independent legal dut[ies]" outside of ERISA.

Plan Defendants argue that because Plaintiff is seeking a remedy allowed under ERISA, Plaintiff has stated an ERISA claim. (Opp'n at 9.) An independent "legal duty [that] provides for a similar remedy, such as payment of money," is still an independent legal duty. *Marin*, 581 F.3d at 950. Therefore, ERISA does not completely preempt Plaintiff's claims and remand is appropriate.[4]

## IV. CONCLUSION

The Court concludes that Plaintiff's state-law claims are not completely preempted by § 502(a)(1)(B). Therefore, the Court does not have federal question removal jurisdiction. **The Court GRANTS the Motion to Remand and REMANDS this action to the Los Angeles County Superior Court.**

The Court DENIES Plaintiff's request for attorneys' fees and costs.

**IT IS SO ORDERED.**

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

---

[4] The Court does not address whether ERISA completely preempts the two claims solely against Qmedtrix, as Qmedtrix has not been served.